*E-FILED ON 3/29/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIA TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. C05-01668 RMW (HRL)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO STRIKE CLAIMS 2 AND 3 AND 16 ADDITIONAL PRODUCTS FROM PLAINTIFF'S SUPPLEMENTAL PRELIMINARY INFRINGEMENT CONTENTIONS AND (2) DENYING PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND**<br><br>**[Re: Docket Nos. 41 and 47]** |

Defendants VIA Technologies, Inc. and VIA Technologies, Inc. (USA) (collectively "VIA") moved to strike certain portions of the "Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("Supplemental PICs") served by plaintiff Computer Cache Coherency Corporation ("CCCC"). CCCC opposed the motion to strike and filed a cross-motion for leave to amend its PICs. Upon consideration of the papers submitted by the parties, as well as the arguments presented at the March 28, 2006 hearing, this court GRANTS VIA's motion to strike and DENIES CCCC's motion for leave to amend.

## I. BACKGROUND

This is an action for alleged patent infringement.[1] CCCC alleges that VIA infringes CCCC's U.S. Patent No. 5,072,369 (the "'369 patent"). The '369 patent contains three claims: one independent claim (Claim 1) and two dependent claims (Claims 2 and 3). According to CCCC, the claimed invention(s) pertain to an electronic circuit which serves as an interface between different computer components. It claims that VIA manufactures computer products known as "chipsets" which infringe the '369 patent.

Patent L.R. 3-1 provides that a party claiming infringement must serve PICs containing certain information, including identification of "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and for each identified claim, "each accused apparatus, product, device, method, act or other instrumentality ('Accused Instrumentality') of each opposing party of which the party [claiming infringement] is aware." PATENT L.R. 3-1(a), (b).

On September 19, 2005, CCCC served its PICs, asserting Claim 1 of the '369 patent against twenty-eight VIA products. By letter dated October 10, 2005, VIA's counsel identified a number of alleged deficiencies in CCCC's PICs. Among other things, VIA asserted that the PICs briefly addressed only one product, and therefore failed to provide sufficient support for CCCC's allegation that the other twenty-seven identified products also infringe Claim 1 of the '369 patent. (*See* Declaration of Jennifer Ochs ("Ochs Decl."), Ex. 3). CCCC responded that it believed that all twenty-eight accused products "work[] identically" and that it therefore was not obliged to "replicate claim charts for each accused product . . . ." (*Id*., Ex. 6). While it maintained that its PICs were proper, CCCC agreed to "duplicate its work" and provide supplemental PICs. (*Id*.).

On December 2, 2005, without leave of court, CCCC served its Supplemental PICs, asserting Claims 2 and 3 of the '369 patent (in addition to Claim 1 asserted in its initial PICs).

---

[1] The instant action has been consolidated through claims construction with *Computer Cache Coherency Corp. v. Intel Corp*., No. C05-01766 RMW (HRL). However, CCCC has not served supplemental PICs in the Intel action, and the instant motions concern only CCCC's lawsuit against VIA.

The Supplemental PICs also identified sixteen accused products in addition to the twenty-eight products identified in the initial PICs.

VIA now moves to strike patent Claims 2 and 3 and the sixteen newly identified accused products from CCCC's Supplemental PICs.[2] It contends that CCCC amended its PICs in bad faith and without leave of court in violation of the Patent Local Rules. VIA further argues that it has been prejudiced by CCCC's improper disclosure. CCCC counters that there is no prejudice to VIA, and argues that there is good cause for allowing it to proceed with its Supplemental PICs. The parties' arguments made in support of and in opposition to their respective motions are the same, and the court will treat both motions together in this order.

## II. DISCUSSION

Although CCCC seems to suggest that it was entitled to amend its PICs without leave of court, under Patent L.R. 3-7, PICs may only be amended or modified by court order upon a showing of good cause. PATENT L.R. 3-7. There is an exception for amendments made pursuant to Patent L.R. 3-6, which provides that a party claiming infringement may amend its PICs without leave of court if that party believes in good faith that such an amendment is required by (1) the court's claim construction ruling or (2) documents accompanying an accused infringer's preliminary invalidity contentions. PATENT L.R. 3-6(a). However, such amendments are limited to information required by Patent L.R. 3-1(c) and (d) – that is, (1) the claim chart identifying where each element of each asserted claim is found within each accused product; and (2) identification as to whether each element of each asserted claim is claimed to be infringed literally or under the doctrine of equivalents. PATENT L.R. 3-1(c), (d); 3-6(a). A party's PICs are otherwise "deemed to be that party's final contentions." PATENT L.R. 3-6.

This court is not persuaded that the conditions for amendment under Civ. L.R. 3-6(a) exist. In its papers, CCCC did not argue that such circumstances were presented here; and for the first time at the hearing, its counsel offered only a very generalized statement that the

---

[2] VIA asserts that CCCC's Supplemental PICs not only contain the same deficiencies as its initial PICs, but also suffer from additional defects. However, VIA has chosen not to address these issues on the instant motion and says that it will do so through dispositive motions or some other appropriate relief.

3

amendment was prompted, in part, by non-public design documents defendant produced, including (possibly) documents produced in the course of settlement negotiations. Even if the requisite conditions under Patent L.R. 3-6(a) did exist, that rule does not appear to contemplate the amendments sought by CCCC, i.e., to assert additional patent claims and identify more accused products. CCCC suggests that VIA cannot complain because it asked CCCC to supplement its initial PICs. This argument fails to convince. The record presented shows that VIA believed supplementation was required as to the claims and products that had already been identified in CCCC's initial PICs. There was no indication that CCCC intended (or communicated any intent) to supplement its PICs to include more patent claims and products – that is, until it served its Supplemental PICs on December 2, 2005. (*See* Ochs Decl., Exs. 3 and 6).

Nevertheless, CCCC now seeks leave of court to amend its PICs (albeit, CCCC's motion, which was filed only after VIA filed its motion to strike, appears to have been an afterthought). There are few cases which discuss the "good cause" standard under Patent L.R. 3-7. The parties have cited, and this court has found, only two published cases in this district which address that rule. The import of those opinions is that the Patent Local Rules were "'designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp.2d 1106, 1107 (N.D. Cal. 2004) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115 at \*2-3 (N.D. Cal., Nov. 5, 1998)); *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). This deviation from the general policy of favoring liberal amendment in civil actions was intended to avoid the "'shifting sands' approach which sometimes occurred during the claim construction process prior to the enactment of the Patent Local Rules." *Integrated Circuit Sys., Inc.*, 308 F. Supp.2d at 1107; *LG Electronics*, 211 F.R.D. at 367.

In the instant case, CCCC asserts that because its initial PICs identified accused chipsets by family – i.e., VIA's K8, Mature and Legacy chipsets – the identification of additional product *numbers* falling within those same families does not constitute the identification of

4

1  "additional" products. As such, it argues that the newly identified product numbers in the
2  Supplemental PICs should come as no surprise to VIA. CCCC further contends that VIA's
3  product classifications are confusing, and says that it included specific product numbers in its
4  PICs simply for "clarity." In other words, CCCC suggests that its initial PICs demonstrate an
5  intent to accuse products by family, and not by specific product number.

6        This court finds this contention to be disingenuous at best. While CCCC argues that
7  VIA's product classifications are confusing (an assertion which VIA disputes), the record
8  presented demonstrates that the way in which VIA categorizes its products is, for purposes of
9  resolving the instant motion, irrelevant. CCCC's initial PICs identify VIA's K8, Mature and
10 Legacy product families, but there is nothing in the initial PICs which suggests that CCCC
11 intended to allege infringement by products other those which are specifically listed by number
12 within those family groups. (*See* Supplemental Declaration of Jennifer Ochs ("Supp. Ochs
13 Decl."), Ex. 19). Indeed, CCCC eliminated the family group designations altogether in its
14 Supplemental PICs. (*See id.*, Ex. 20). Further, CCCC acknowledges that is initial PICs did not
15 include one additional chipset in the P4 family which it says should now be allowed by
16 amendment, adding that all other products from the P4 family were previously identified,
17 although not expressly designated as being part of the P4 family. In any event, at least one
18 court in this district has observed that "[r]equiring or even permitting a plaintiff to amend or
19 supplement its disclosures as it discovers new products would remove the claim construction
20 process from the control of the court and signal a return to the 'shifting sands' approach" which
21 the Patent Local Rules were designed to prevent. *Integrated Circuit Sys., Inc.*, 308 F. Supp.2d
22 at 1107.

23       As for CCCC's desire to now assert Claims 2 and 3 of the '369 patent, CCCC
24 acknowledges that at the time it served its initial PICs, it did not believe that there was a
25 sufficient basis for accusing VIA's products of infringing those claims. VIA attests that the
26 names of all of its chipsets have long been publicly available on its website. (*See* Ochs Decl.,
27 ¶¶ 20-21, Exs. 17-18). Further, VIA contends that CCCC, having had an opportunity to review
28 VIA's November 3, 2005 preliminary invalidity contentions, belatedly seeks to assert patent

5

Claims 2 and 3 in an attempt to dodge what VIA believes to be a strong invalidity case on Claim 1.

CCCC protests that VIA's contention is unfounded, but CCCC also makes no showing to support its bare assertion that it acted with diligence in investigating VIA's products with respect to Claims 2 and 3 of the '369 patent. CCCC does not say what diligence it used before it served its initial PICs. Nor does it identify when it began "its further investigation and analysis of Via's accused products" (Opp. at 6:4). Indeed, CCCC's papers indicate that its investigation may have been undertaken only after it served its initial PICs. Here, CCCC states that its amendment was "based on a diligent and good faith investigation of Via's products since its initial PICs." (*Id*. at 6:8). As noted above, CCCC asserted for the first time at the hearing that its Supplemental PICs were based, in part, on some non-public design documents produced by VIA. However, it has not pointed to any specific information disclosed by VIA which would justify giving leave to assert the additional claims and relies primarily upon generalizations in arguing about the accused products it seeks to add. Further, CCCC does not explain why, despite the exercise of reasonable diligence, it could not assert Claims 2 and 3 earlier.

In sum, CCCC simply asserts that it has found more evidence of infringement as discovery and its own investigations have continued. This court is not persuaded that such circumstances, in and of themselves, constitute good cause for adding more claims and products now.

CCCC nevertheless attempts to establish "good cause" primarily by arguing that there is no prejudice to VIA. Although this court has found no Ninth Circuit authority on what constitutes "good cause" to amend a party's PICs under this court's Patent Local Rules, the Ninth Circuit has discussed the meaning of "good cause" in the context of a motion to amend a scheduling order under Fed.R.Civ.P. 16. It stated that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was

6

1  not diligent, the inquiry should end." *Id.*; *see also STMicroelectronics, Inc. v. Motorola, Inc.*,
2  307 F. Supp.2d 845, 851 (E.D. Tex. 2004) (finding that "good cause" focuses on the diligence
3  of the party requesting amendment, and not on the lack of prejudice to the opposing party).[3]

4      In any event, CCCC fails to convincingly demonstrate that VIA's assertions of prejudice
5  are baseless.  Here, VIA maintains that it will be prejudiced by the requested amendments in
6  that (1) the parties' claim construction statements and briefs do not include additional terms
7  from Claims 2 and 3 which VIA believes need to be construed; (2) VIA will be forced to
8  undertake another, and broader, prior art search with respect to particular claim limitations in
9  Claims 2 and 3; (3) VIA will be obliged to undertake its own independent analysis of the
10 additional accused products; and (4) VIA will need to amend its preliminary invalidity
11 contentions, which currently do not address patent Claims 2 and 3.

12     CCCC argues that there is ample time in the case management schedule to accommodate
13 the preparation and service of supplemental preliminary invalidity contentions by VIA, as well
14 as any additional briefing on claim construction issues.  The parties have already exchanged
15 statements and filed their respective claim construction briefs as to terms in Claim 1 of the '369
16 patent (i.e., the only claim asserted by CCCC in its initial PICs).  However, CCCC stated that at
17 the March 24, 2006 case management conference, the District Court pushed the April 25-26,
18 2006 *Markman* hearing and tutorial and indicated that it will entertain dispositive motions in
19 early May 2006.

20     CCCC also argues that, if there is any prejudice, it was the result of VIA's own conduct
21 because VIA chose not to address patent Claims 2 and 3 earlier and did not complain about
22 CCCC's Supplemental PICs until January 19, 2006.  Here, CCCC contends that VIA had
23 sufficient time to apprise the court of terms from Claims 2 and 3 for construction because the
24 Supplemental PICs were served on December 2, 2005 – i.e., seven days before the parties
25 exchanged Preliminary Proposed Claim Construction statements, over a month before the
26 parties filed their Joint Claim Construction Statement, and more than three months before VIA

---

[3] As noted by VIA, the District Court for the Eastern District of Texas apparently has adopted patent local rules that include a rule that is identical to this court's Patent L.R. 3-7.  *See STMicroelectronics, Inc.*, 307 F. Supp.2d at 847.

7

was obliged to file its claim construction statement.  Additionally, CCCC says that it has no objection if VIA wishes to amend its preliminary invalidity contentions to address Claims 2 and 3.

However, the premise of CCCC's argument is that VIA was obliged to address the newly asserted patent claims, despite the fact that the Supplemental PICs were served without the requisite leave of court.  While CCCC apparently agrees that VIA may supplement is preliminary invalidity contentions, VIA contends that, as the prejudiced party, it should not be forced to bear the substantial burden that will be imposed, particularly where CCCC's Supplemental PICs were served contrary to the Patent Local Rules and without good cause.

Based upon the circumstances presented, this court finds VIA's arguments to be more persuasive than CCCC's arguments and concludes that CCCC has failed to show good cause for amending its infringement contentions to add more patent claims and more products.

### III. ORDER[4]

Based on the foregoing, IT IS ORDERED THAT:

1. VIA's motion to strike Claims 2 and 3 and sixteen additional products from CCCC's Supplemental PICs is GRANTED.

2. CCCC's cross-motion for leave to amend its PICs is DENIED.

Dated:   March 29, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] If the District Court considers the instant order to be a dispositive ruling, then the order should be deemed a report and recommendation.

8

1 **5:05-cv-1668 Notice will be electronically mailed to:**

2 Juanita R. Brooks brooks@fr.com, njohnson@fr.com

3 Joseph V Colaianni , Jr Colaianni@fr.com

4 Roderick G. Dorman dormanr@hbdlawyers.com, spearsl@hbdlawyers.com

5 John Michael Farrell jfarrell@fr.com, lzh@fr.com

6 Robert Paul Feldman rfeldman@wsgr.com, rarteaga@wsgr.com

7 Lawrence M. Hadley hadleyl@hbdlawyers.com, hallz@hbdlawyers.com

8 Mark E. Miller markmiller@omm.com, kfraser@omm.com; fdacosta@omm.com

9 Jennifer Ochs jochs@wsgr.com, lwang@wsgr.com

10 Matthew R. Reed mreed@wsgr.com, pciviletti@wsgr.com

11 Maura Rees mrees@wsgr.com

12 Timothy Wayne Riffe Riffe@fr.com, conway@fr.com; wood@fr.com

13 Omer Salik saliko@hbdlawyers.com, rangelm@hbdlawyers.com

14 Luann Loraine Simmons lsimmons@omm.com, smeblin@omm.com; cholsome@omm.com

15 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.