**E-FILED on**   5/8/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIA TECHNOLOGIES, INC. and VIA TECHNOLOGIES, INC (USA),<br><br>    Defendants. | No. C-05-01668 RMW<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MARCH 29, 2006 ORDER<br><br>**[Re Docket Nos. 73, 85]** |

    Plaintiff Computer Cache Coherence Corporation ("CCCC") objects to the March 29, 2006 order ("MJO") of the magistrate judge assigned to this case. For the reasons given below, the court overrules CCCC's objections to the order as the court does find the magistrate judge's order clearly erroneous or contrary to law.

## I. BACKGROUND

    Some time after serving its preliminary infringement contentions as required by Patent L.R. 3-1, CCCC, without leave of court, filed supplemental infringement contentions that (1) defendants

Via Technologies, Inc. and Via Technologies, Inc. (USA) (collectively "Via") infringed two additional claims of CCCC's patent-in-suit, and (2) that Via made sixteen[1] additional products that infringed CCCC's patent-in-suit.  CCCC objects that the magistrate judge incorrectly granted Via's motion to strike CCCC's supplemental infringement contentions for noncompliance with the Patent Local Rules.

## II.  ANALYSIS

CCCC raises several objections to the magistrate judge's order; the court will address each in turn.

**A.  Amendment under Patent L.R. 3-6(a)**

CCCC claims its supplemental infringement contentions should have been allowed under Patent L.R. 3-6(a).  That rule provides

> **3-6. Final Contentions.**
>
> Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.
>
> **(a)**  If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to Patent L.R. 3-4 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent L.R. 3-1(c) and (d).
>
> **(b)**  Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by Patent L.R. 3-3 if:
>
>> **(1)**  a party claiming patent infringement has served "Final Infringement Contentions" pursuant to Patent L.R. 3-6(a), or
>>
>> **(2)**  the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

The magistrate judge was correct that this rule is inapplicable to the situation under consideration. This rule only applies in two sets of circumstances: (1) the court's Claim Construction Ruling

---

[1] It is not entirely clear from the record exactly which sixteen—if sixteen is indeed the correct number—of Via's products were newly added by CCCC's supplemental infringement contentions.

requires amending the Preliminary Infringement Contentions, or (2) documents produced pursuant to Patent L.R. 3-4 require amending the Preliminary Infringement Contentions.  There has been no claim construction hearing in this action, much less a ruling.  Patent L.R. 3-4 provides

> **3-4. Document Production Accompanying Preliminary Invalidity Contentions.**
>
> With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:
>
> **(a)**  Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart; and
>
> **(b)**  A copy of each item of prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

The magistrate judge stated,

> This court is not persuaded that the conditions for amendment under Civ. L.R. 3-6(a) exist. In its papers, CCCC did not argue that such circumstances were presented here; and for the first time at the hearing, its counsel offered only a very generalized statement that the amendment was prompted, in part, by non-public design documents defendant produced, including (possibly) documents produced in the course of settlement negotiations.

MJO at 3.  CCCC also objects that it raised the issue of Patent L.R. 3-6(a) before the magistrate judge.  CCCC's briefs indeed mentioned Patent L.R. 3-6(a) to the magistrate, but only in passing. *See*, *e.g.*, docket no. 54 at 1, 3.  CCCC brought no facts to the attention of the magistrate judge that would have allowed him to determine that Patent L.R. 3-6(a) was indeed applicable.[2]  The magistrate judge's ruling on this point is therefore neither clearly erroneous nor contrary to law.

**B.  Amendment under Patent L.R. 3-7**

Under Patent L.R. 3-7, a party may amend its Preliminary Infringement Contentions if Patent L.R. 3-6 does not apply only upon order of the court and a showing of good cause.  The magistrate judge stated that CCCC

> makes no showing to support its bare assertion that it acted with diligence in investigating VIA's products with respect to Claims 2 and 3 of the '369 patent.

---

[2]  CCCC's contention that the magistrate judge's order was contrary to *Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106 (N.D. Cal. 2004) (additional products may be alleged to infringe via Patent L.R. 3-6), is therefore irrelevant.

> CCCC does not say what diligence it used before it served its initial PICs.  Nor does it identify when it began "its further investigation and analysis of Via's accused products."  Indeed, CCCC's papers indicate that its investigation may have been undertaken only after it served its initial PICs.  Here, CCCC states that its amendment was "based on a diligent and good faith investigation of Via's products since its initial PICs."  As noted above, CCCC asserted for the first time at the hearing that its Supplemental PICs were based, in part, on some non-public design documents produced by VIA.  However, it has not pointed to any specific information disclosed by VIA which would justify giving leave to assert the additional claims and relies primarily upon generalizations in arguing about the accused products it seeks to add.  Further, CCCC does not explain why, despite the exercise of reasonable diligence, it could not assert Claims 2 and 3 earlier.

MJO at 6 (citations omitted).  Examination of the record before the magistrate judge reveals that he was correct:  CCCC provided the magistrate judge with no evidence that it had been diligent, and instead made only conclusory allegations that it had been so.

Nor is CCCC's belated argument that evidence of its diligence is protected by attorney-client privilege availing.  CCCC did not raise this issue before the magistrate judge.  It is difficult to understand why a showing of due diligence would implicate the attorney-client privilege.  In any event, CCCC did not present that question to the magistrate judge who could have addressed the issue, if necessary.  Since it did not raise the issue before the magistrate judge, CCCC cannot now raise the issue before the district court.

On the record before the magistrate judge, there was no showing of good cause sufficient to justify allowing amendment of CCCC's preliminary infringement contentions.   The magistrate judge's ruling on this point is therefore neither clearly erroneous nor contrary to law.

### III.  ORDER

For the foregoing reasons, the court overrules CCCC's objections to the magistrate judge's March 29, 2006 order.

DATED:     5/8/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MARCH 29, 2006 ORDER—No. C-05-01668 RMW
JAH                                                                     4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Lawrence M. Hadley | hadleyl@hbdlawyers.com |
| Roderick G. Dorman | dormanr@hbdlawyers.com |
| Omer Salik | saliko@hbdlawyers.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jennifer Ochs | jochs@wsgr.com |
| Maura Rees | mrees@wsgr.com |
| Robert Paul Feldman | rfeldman@wsgr.com |
| Matthew R. Reed | mreed@wsgr.com |
| John Michael Farrell | jfarrell@fr.com |
| Joseph V Colaianni, Jr. | Colaianni@fr.com |
| Juanita R. Brooks | brooks@fr.com |
| Ruffin B. Cordell | |
| Timothy Wayne Riffe | Riffe@fr.com |
| Luann Loraine Simmons | lsimmons@omm.com |
| Mark E. Miller | markmiller@omm.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   5/8/06                               /s/ JH
                                                  **Chambers of Judge Whyte**

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MARCH 29, 2006 ORDER—No. C-05-01668 RMW
JAH                                                    5