**United States District Court**
For the Northern District of California

**E-FILED on** ___1/8/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIA TECHNOLOGIES, INC. and VIA TECHNOLOGIES, INC. (USA),<br><br>    Defendants. | No. C-06-01668 RMW<br><br>ORDER FOR FURTHER BRIEFING REGARDING CLAIM CONSTRUCTION<br><br>**[Re Docket Nos. 45, 52, 63]** |
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | No. C-06-01766 RMW<br><br>ORDER FOR FURTHER BRIEFING REGARDING CLAIM CONSTRUCTION<br><br>**[Re Docket Nos. 66, 71, 74]**<br><br>(Cases consolidated through claim construction) |

The parties have briefed and argued the issue of construction of U.S. Patent no. 5,072,369. One issue is the meaning of "bus" in the '369 patent and whether "bus," as used, is necessarily a parallel bus or could be either a parallel bus or a serial bus.

The terms "serial bus" and "parallel bus" are not defined in the '369 patent; the '369 patent does not even use "serial bus." According to the defendants, buses may be either serial or parallel.

1  Via explains that a parallel bus is one containing more than one conductor. The defendants also
2  describe a "'serial' point-to-point bus" as a bus consisting "of 'one' conductor connecting 'one
3  source' to 'one destination.'" It is not clear to the court whether serial buses of types other than
4  "point-to-point" exist,[1] or how Via's definition of "shared bus" as one capable of connecting two or
5  more modules fits into this. Via does offer the following analogy:

> A parallel bus is like a major multi-late highway connecting multiple cities. Traffic on the highway can enter and exit at the numerous cities along the way; or one can think of the several cities "plugging in" to the major thoroughfare, thereby gaining access to the two most adjacent cities, as well as other cities further away. On the other hand, a serial point-to-point bus is analogous to a private driveway between a house and the street: there is only one path and there are no intermediate entry or exit points between the "one source" (home) and the "one destination" (the street).

10  From the evidence presented by the parties, the precise meanings of "parallel bus" and "serial
11  bus," as well as the precise dividing line between the two and whether all buses must be one or the
12  other, are unclear.
13      The court has consulted reference sources, which have not been particularly illuminating.
14  For example, the nineteenth edition of *Newton's Telecom Dictionary* contains the following
15  definition of "Serial Bus":

> Serial Bus was the original name for Intel's standard for a type of very local, local area network that would be used for connecting peripherals to the motherboard of a PC. There'd be one plug on the back of the PC into which you'd daisy chain various peripherals, including a mouse, a keyboard, speakers, printers, a microphone and a telephone. The idea of serial bus is to clear away all the clutter on the back of the PC. In March of 1995 when the first technical specs were released, serial bus' name was changed to Universal Serial Bus (I don't know why). See USB.

20  The same version of *Newton's* does not define "parallel bus." The *Authoritative Dictionary of*
21  *IEEE Standards Terms* is similarly unhelpful. It defines "serial bus" as follows:

> **(1)** Intended as a low-cost peripheral connect or an alternate diagnostic control path. One instantiation of a serial bus is the "Serial Bus" as specified in IEEE P1394.
>
> **(2)** A peripheral interconnect and an alternate diagnostic and control path.

The *IEEE Dictionary* contains no definition of "parallel bus." Neither of these technical
dictionaries appears to use "parallel bus" and "serial bus" in the same manner as in the '369 patent.

---

[1] Intel defines a "serial bus" as "a point-to-point connection between two devices."

Further information regarding the definitions of "parallel bus" and "serial bus" would assist the court in construing "bus." The parties are therefore directed to confer among themselves and determine whether they agree on the meanings of "parallel bus" and "serial bus" that would have been understood by those skilled in the art at the time the application for the '369 patent was filed. If the parties agree, they are to submit their definitions as soon as possible. If the parties do not agree, each side is to file a declaration of no more than three pages explaining the meanings of "parallel bus" and "serial bus" no later than noon on January 16, 2007.[2]

If the parties believe it would be helpful to the court, they may also define any pertinent, related terms, such as "shared bus" or "point-to-point bus." The parties shall not at this time submit further briefing, although each side may lodge any necessary evidentiary objections within twenty-four hours of the filing of the other side's declaration.

DATED:     1/8/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] The explanation provided should be sufficiently detailed for the court to determine whether a given bus configuration would necessarily be serial or parallel or could be either. For example, based on the information provided by the parties to date, the court is uncertain whether a bus connecting three components in 1989 would necessarily have been parallel or could have in theory been serial.

ORDER FOR FURTHER BRIEFING REGARDING CLAIM CONSTRUCTION —No. C-06-01668 RMW; No. C-06-01766 RMW
JAH                                           3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Lawrence M. Hadley | hadleyl@hbdlawyers.com |
| Roderick G. Dorman | dormanr@hbdlawyers.com |
| Omer Salik | saliko@hbdlawyers.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jennifer Ochs | jochs@wsgr.com |
| Maura Rees | mrees@wsgr.com |
| Robert Paul Feldman | rfeldman@wsgr.com |
| Matthew R. Reed | mreed@wsgr.com |
| John Michael Farrell | jfarrell@fr.com |
| Joseph V Colaianni, Jr. | Colaianni@fr.com |
| Juanita R. Brooks | brooks@fr.com |
| Ruffin B. Cordell | |
| Timothy Wayne Riffe | Riffe@fr.com |
| Luann Loraine Simmons | lsimmons@omm.com |
| Mark E. Miller | markmiller@omm.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     1/8/07                              /s/ JH
                                         **Chambers of Judge Whyte**