**E-FILED on**   12/4/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIA TECHNOLOGIES, INC. and VIA TECHNOLOGIES, INC. (USA),<br><br>Defendants. | No. C-05-01668 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A SCHEDULING ORDER; PERMITTING SUPPLEMENTAL BRIEFING RE: TWO CLAIM TERMS<br>**[Re Docket Nos. 204, 209]** |
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | No. C-05-01766 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A SCHEDULING ORDER; PERMITTING SUPPLEMENTAL BRIEFING RE: TWO CLAIM TERMS<br>**[Re Docket No. 139, 144]** |

The court previously asked for the parties to brief and argue claim construction and summary judgment together. On October 22, 2007, the court issued its claim construction order in the above-captioned cases. In its claim construction order, the court did not select one of the constructions proposed by the parties for two terms, "bus" and "SNOOP signal," instead providing its own

1 constructions based on the patents, argument and evidence presented ("independently-construed
2 terms"). The court has not yet ruled on the parties' cross-motions for summary judgment.
3   The parties have recently filed two motions with the court. Plaintiff Computer Cache
4 Coherency Corporation ("CCCC") asks the court for permission to submit a five-page supplemental
5 brief regarding the parties' currently-pending cross-motions for summary judgment to supplement
6 their summary judgment arguments in light of the independently construed terms. Defendants Intel
7 Corporation ("Intel") and Via Technologies, Inc. ("Via") separately seek an order deferring the
8 deadline for serving their final invalidity contentions until twenty days after the court rules on those
9 summary judgment.

### A. Motion for Administrative Relief

Intel and Via contend that no additional briefing is necessary for the court to make its determinations on the pending summary judgment motions. Defendants argue that the court's constructions for the independently construed terms are not substantively different from the parties' proposed constructions and that CCCC's supplemental briefing is merely an effort to reassert previously-rejected arguments. The court does not necessarily agree that its constructions are insubstantially different from those proposed by the defendants and therefore finds permitting CCCC to file its supplemental briefing to be appropriate. Further, it would be helpful to the court to have briefing from both plaintiff and defendants. Accordingly, the court grants CCCC's motion to file its supplemental brief and gives defendants until December 21, 2007 to submit a responsive pleadings (either jointly or separately) which shall be no more than eight (8) pages in total length.

### B. Motion for Scheduling Order

Under Patent Local Rule 3-6, a party's final infringement contentions are due thirty days after service of the court's claim construction ruling. A party's final invalidity contentions are due fifty days after service of the claim construction ruling. As set forth above, the court's claim construction order issued on October 22, 2007, so under Patent Local Rule 3-6 CCCC's final infringement contentions were due November 21, 2007. CCCC filed its final infringement contentions on that date. Intel and Via's final invalidity contentions will be due December 11, 2007. Because the court has not ruled on the parties' cross-motions for summary judgment, some of which involve issues

1  relating to invalidity, Intel and Via ask that the court permit them to file their final invalidity
2  contentions 20 days after the court issues its ruling on the summary judgment motions.  They assert
3  that the court's ruling may obviate the need for some of their invalidity disclosures and may have an
4  impact on the parties' contentions going forward.

5        CCCC opposes, arguing that the Patent Local Rules do not permit modification of invalidity
6  and infringement positions based upon arguments made on summary judgment, rather only permit
7  such modification if a party believes "in good faith that the Court's Claim Construction Ruling so
8  requires." Patent L.R. 3-6(b)(2).  CCCC asserts that defendants' request would delay the progress of
9  the case and prejudice CCCC, arguing that only if the parties move forward with their final
10 disclosures will the case proceed expeditiously following the court's rulings on the motions for
11 summary judgment.[1]

12       The main prejudice to CCCC if the court grants the relief defendants seek is that defendants
13 now have CCCC's final infringement contentions and will potentially have the advantage of viewing
14 the court's application of the claim construction.  Nevertheless, CCCC knew prior to the day they
15 served their final infringement contentions that defendants intended to seek additional time to file
16 their final invalidity contentions but nevertheless proceeded to file their final infringement
17 contentions.  *See* Decl. Jennifer Ochs ¶ 2 (on November 13, 2007, counsel for Via informed counsel
18 for CCCC that defendants viewed proceeding with disclosures wasteful without the court's summary
19 judgment rulings).  The court recognizes that CCCC has commendably followed the disclosure
20 requirements but also finds no prejudice will result from allowing defendants to await a ruling from
21 the court before filing final invalidity contentions, particularly since the court will first allow
22 plaintiffs to further revise their infringement contentions after receipt of the summary judgment
23 ruling.

24       The court finds good cause to permit defendants to file their final invalidity contentions after
25 it rules on the summary judgment motions, but also believes that CCCC should be permitted to re-

---

[1] Notably, and seemingly at odds with the expressed concern about proceeding quickly following the summary judgment rulings, CCCC filed a motion to amend its complaint to assert new products only two days after filing its opposition to defendants' motion regarding scheduling disclosures.

ORDER GRANTING DEFENDANTS' MOTION FOR A SCHEDULING ORDER; PERMITTING SUPPLEMENTAL BRIEFING RE: TWO CLAIM TERMS—No. C-05-01668 RMW; 05-01766 RMW
MAG                                                                 3

serve its final infringement contentions following such rulings. Accordingly, the court will alter the schedule set forth in the Patent Local Rules as follows: (1) CCCC will be permitted to re-serve its final infringement contentions ten (10) calendar days after the court has issued orders on all pending summary judgment motions argued contemporaneously with the claim construction; (2) defendants will be permitted to file their final invalidity contentions and willfulness election under Patent L.R. 3-8 twenty (20) calendar days after the court has issued orders on all such summary judgment motions.

DATED:   12/4/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

ORDER GRANTING DEFENDANTS' MOTION FOR A SCHEDULING ORDER; PERMITTING SUPPLEMENTAL BRIEFING RE: TWO CLAIM TERMS—No. C-05-01668 RMW; 05-01766 RMW
MAG        4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Roderick G. Dorman | dormanr@hbdlawyers.com |
| Lawrence M. Hadley | hadleyl@hbdlawyers.com |
| Omer Salik | saliko@hbdlawyers.com |

**Counsel for Defendants:**

| | |
|---|---|
| James P. Bennett | jbennett@mofo.com |
| Juanita R. Brooks | brooks@fr.com |
| Joseph V Colaianni , Jr | Colaianni@fr.com |
| Paul Forrest Coyne | pcoyne@mofo.com |
| John Michael Farrell | jfarrell@fr.com |
| Karl J. Kramer | kkramer@mofo.com,sdevol@mofo.com |
| Jennifer A. Ochs | jochs@wsgr.com,lwang@wsgr.com |
| Timothy Wayne Riffe | Riffe@fr.com,conway@fr.com,gwilliams@fr.com |
| Thomas L. Treffert | TTreffert@mofo.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/4/07                             /s/ MAG
                                    **Chambers of Judge Whyte**