**E-FILED on** __06/18/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIA TECHNOLOGIES, INC. and VIA TECHNOLOGIES, INC. (USA),<br><br>　　　　Defendants. | No. C-05-01668 RMW |
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant. | No. C-05-01766 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INFRINGEMENT |

On September 19, 2008 this court issued an order on the parties' cross-motions for summary judgment. In that order the court granted Intel Corporation ("Intel") and Via Technologies, Inc's

("Via") motions for summary judgment of non-infringement, both for literal infringement and infringement under the doctrine of equivalents. Computer Cache Coherency Corporation ("CCCC") now moves to reconsider that order. For the reasons stated below, the court denies the motion for reconsideration.

CCCC provides two arguments in support of reconsidering the court's grant of summary judgment of non-infringement. First, CCCC contends that the court misapplied *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573 (Fed. Cir. 1996). And second, CCCC argues that the court effectively changed its construction of the "SNOOP signal telling" limitation and, as a result, CCCC had an insufficient opportunity to offer evidence that would have raised a genuine issue of material fact as to infringement under the doctrine of equivalents.

### I. Citation of *Athletic Alternatives*

At claim construction, the court construed the term "SNOOP signal" as "a signal indicating whether an address references a cached data storage location." Claim Construction Order at 10:9-11:17. The parties then disputed the meaning of the phrase "cached data storage location" at summary judgment. According to Intel and VIA, the court's use of "cached data storage location" meant that the SNOOP signal must indicate that data is in fact cached at the referenced location. Summary Judgment Order 13:17-19. CCCC contended that the SNOOP signal indicated only whether a particular address was subject to caching (in other words, whether the address was "cacheable"). *Id.* at 13:19-22  The court concluded that the language of claim 1 "strongly indicates that the SNOOP signal understands which addresses are in cache" (*id.* at 18:15 9-20), and, therefore, that "the SNOOP signal is only asserted by the interface device when an address maps to an address on the second bus at which data is known to be cached" (*id.* at 18:27-28). After reaching that conclusion, the court wrote, "[f]urther, if after the reasoned analysis set forth above, both [CCCC's and defendants'] interpretations are equally plausible, the patentee's statutory burden to distinctly claim subject matter favors the narrower construction." *Id.* at 19:6-9  (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996)).

**United States District Court**
For the Northern District of California

In its motion for reconsideration CCCC contends that the court misapplied *Athletic Alternatives* and argues that the case does not stand generally for the proposition that the narrower of two equally plausible constructions should be adopted. According to CCCC, *Athletic Alternatives* held only that a narrower enabled construction should be selected over a broader non-enabled one.

Before considering whether the court correctly cited to the principle of *Athletic Alternatives*, it must be recognized that the court did not base its claim construction on any purported rule or principle from *Athletic Alternatives*. Rather, it based its construction on the intrinsic evidence including the abstract and, most importantly, the claim language itself.

Only after explaining the basis for its construction, did the court suggest that if after a reasoned analysis CCCC's and defendants' proposed claim constructions were equally plausible, the defendants' narrower construction should be favored because of the inventor's statutory burden to distinctly claim the subject matter which he or she regarded as the claimed invention. The court followed this proposition by "[*s*]*ee Athletic Alternatives, Inc. v. Prince Mfg.,Inc.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996). "'*See*' is used . . .when the proposition is not directly stated by the cited authority but obviously follows from it: there is an inferential step between the authority cited and the proposition that it supports." THE BLUEBOOK, *A Uniform System of Citation* (Seventeenth Edition 2000) at 22-23. CCCC contends that *Athletic Alternatives* does not hold either directly or inferentially what it was cited for.

Courts have read *Athletic Alternatives* to require adoption of only a narrower enabled construction over a broader non-enabled one. *See Digital Biometrics, Inc. v. Identix, Inc.,* 149 F.3d 1335, 1344 (Fed. Cir. 1998); *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 93 F.3d 1572, 1581 (Fed. Cir. 1996). As these cases note, *Athletic Alternatives* relies on the requirement in 35 U.S.C. § 112 that a patentee "distinctly claim[] the subject matter which the applicant regards as his invention." *Athletic Alternatives*, 73 F.3d at 1581. In light of this requirement, adopting a broader, non-enabled construction would "undermine the fair notice function of the requirement that the patentee distinctly claim the subject matter disclosed in the patent from which he can exclude others temporarily." *Id.* Because narrower constructions are not intrinsically more definite (a broad claim

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INFRINGEMENT
No. C-05-01668 RMW; 05-01766 RMW
3

1  can be as distinctly described as a narrow one), *Athletic Alternatives* may not have application to the
2  present case and arguably should not have been cited even following the signal "*see*" because the
3  claim as construed may not be enabled. The specification does not disclose how the interface device
4  would know that an address has been cached. Nevertheless, as noted above, the court's construction
5  was not dependent, or even based, on *Athletic Alternatives*.

## II.  Doctrine of Equivalents

CCCC argues that this court should reconsider its summary judgment order because CCCC did not have an opportunity, prior to that order, to provide "particularized testimony" supporting infringement under the doctrine of equivalents. CCCC's Mot. for Reconsideration 3. At claim construction, the court construed "the SNOOP signal telling one of said second plurality of bus masters *when to* write cached data to the address appearing on the bus" as "the SNOOP signal indicating to one of the bus masters on the second bus *when to* write cached data to the one of the second data storage locations at the address appearing on the second bus." Summ. J. Order 23 (emphasis added). The summary judgment order then states that "[t]his construction requires the SNOOP signal to indicate to a device on the second bus that it *should* write data held in that device's cache memory to main memory on the second bus." *Id.* (emphasis added). It is this change, from using the phrase "when to," to using the word "should" which CCCC contends it could not have anticipated, and which deprives it of due process. CCCC's Mot. for Reconsideration 3. However, the use of "should" does not meaningfully change the construction. CCCC does not explain how this minor difference changes the substance of the court's claim construction. Indeed, Intel and Via argue in their motions opposing reconsideration that it does not. *See* Intel's Opposition to Reconsideration 7; Via's Opposition to Mot. for Reconsideration 8. CCCC does not respond in its reply. The court does not believe that CCCC was deprived of an opportunity to present evidence in support of infringement under the doctrine of equivalents.

/ / /

/ / /

**United States District Court**
For the Northern District of California

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INFRINGEMENT
No. C-05-01668 RMW; 05-01766 RMW
4

**III. ORDER**

For the reasons stated above, the court denies CCCC's motion for reconsideration.

DATED:    06/18/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INFRINGEMENT
No. C-05-01668 RMW; 05-01766 RMW

5

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Roderick G. Dorman         dormanr@hbdlawyers.com
   Lawrence M. Hadley         hadleyl@hbdlawyers.com
4  Omer Salik                 saliko@hbdlawyers.com

5
   **Counsel for Defendants:**
6
   James P. Bennett           jbennett@mofo.com
7  Juanita R. Brooks          brooks@fr.com
   Joseph V Colaianni , Jr    Colaianni@fr.com
8  Paul Forrest Coyne         pcoyne@mofo.com
   John Michael Farrell       jfarrell@fr.com
9  Karl J. Kramer             kkramer@mofo.com
   Jennifer A. Ochs           jochs@wsgr.com
10 Timothy Wayne Riffe        Riffe@fr.com

11

12 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

13

14 **Dated:**   06/18/09                           JAS
                                          **Chambers of Judge Whyte**
15

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INFRINGEMENT
No. C-05-01668 RMW; 05-01766 RMW

6